IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Gaspar Navarro Martínez, Sol Maria Marrero Rosado, Melissa Navarro Marrero, Yanitza Navarro Marrero, and Yasiris Navarro Marrero<br>**PLAINTIFFS**<br><br>v.<br><br>Morovis Community Health Center, Inc.; United States of America, Dr. Jose F. Campos, Dr. Fernando S. Descartes Soler Unnamed Defendant, ABC Insurance Company, XYZ Insurance Company<br>**DEFENDANTS** | **CIVIL NO.:**<br><br><br>**Federal Tort Claims Act Medical Malpractice** |

**COMPLAINT**

**TO THE HONORABLE COURT**:

**COMES NOW** the Plaintiffs, through their undersigned attorney, and very respectfully Allege, State and Pray as follows:

## I.   PARTIES

1. Plaintiffs, Gaspar Navarro Martínez and Sol Maria Marrero Rosado, are married to each other, are of legal age, domiciled and resident of Puerto Rico.

2. Plaintiffs, Melissa Navarro Marrero, Yanitza Navarro Marrero, and Yasiris Navarro Marrero and the daughters of Gaspar Navarro Martínez, are of legal age, domiciled and resident of Puerto Rico.

3. Co-defendant, Morovis Community Health Center, Inc. (henceforth MCHC) is a legal entity organized under the laws of the Commonwealth of Puerto Rico. MCHC is a Health Center Program grantee under 42 U.S.C. 254b,

and deemed Public Health Service employee under 42 U.S.C. 233(g)-(n). MCHC receives funds from HHS and has the status of consideration of the Federal Public Health Service (PHS) with respect to certain health or health-related claims, including medical malpractice claims, for themselves and their covered persons.

4. Co-defendant, Dr. Jose F. Campos is a physician, of legal age, married to Jane Doe, and a resident of Puerto Rico. He and his spouse, Jane Doe, comprise a conjugal partnership which benefited from the acts and omissions perpetrated upon Plaintiffs and as described herein. Dr. Jose F. Campos is deemed Public Health Service employee under 42 U.S.C. 233(g)-(n).

5. Co-defendant, Dr. Fernando S. Descartes Soler is a physician, of legal age, married to Jane Doe, and a resident of Puerto Rico. He and his spouse, Jane Doe, comprise a conjugal partnership which benefited from the acts and omissions perpetrated upon Plaintiffs and as described herein. Dr. Fernando S. Descartes Soler is deemed Public Health Service employee under 42 U.S.C. 233(g)-(n).

6. Co-defendant, the United States of America, pursuant to the Federal Tort Claims Act is responsible for acts and omissions by the other co-defendants.

7. Plaintiff also brings this action against defendants, John Doe, physicians acting as the agents, servants, and employees of defendant, the United States of America, in the course of their employment, who along with other

agents, servants, and employees of defendant, the United States of America, known to defendant, the United States of America, but unknown to plaintiff, committed the acts of negligence that are set forth more fully below.

8. A, B, and C INSURANCE COMPANIES are a profit corporation authorized to conduct business in Puerto Rico. These companies issued a policy(ies) on behalf of the named co-defendants in this case. Information regarding the address and phone number of A, B and C INSURANCE COMPANIES is currently unknown. They are liable by the terms and conditions of said policies for the negligent acts or omissions alleged against the co-defendants in this case. Their name shall be duly substituted as discovery in the instant case progresses.

## II. JURISDICTION AND VENUE

9. Plaintiffs brings this action against defendant, the United States of America, pursuant to the Federal Tort Claims Act, so that this court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1346(b).

10. The plaintiff has complied with all prerequisites to a suit under the Federal Tort Claims Act. Plaintiffs exhausted the required administrative remedy with the responsible federal agency before initiating the instant civil action, pursuant to 28 U.S.C. § 2675(a). Six months passed since the filing of the administrative claim without an agency decision. See, 28 U.S.C. §§ 2401(b) and 2675(a).

11. Venue is appropriate in this Court pursuant to 28 U.S.C § 1391, as this action is brought before the judicial district in where the acts of medical practice alleged herein took place.

12. The following laws are invoked: The Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, §5141 and 5142 ("Article 1802 and 1803"), P.R. Laws Ann. tit. 9 L.P.R.A. § 5621 and applicable jurisprudence.

### III. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On February 1, 2020, Mr. Gaspar Navarro Martínez (Gaspar) arrived at MCHC after he had suffered a severe motor vehicle accident.

14. Gaspar suffered major injuries and needed urgent medical care.

15. Gaspar was examined by MCHC's personal who failed to provide adequate treatment and was discharged without performing the necessary tests to identify his broken ribs.

16. Gaspar continued to suffer in his home therefore he went to a different hospital (Doctor's Center de Manatí) that adequately diagnosed and treated Gaspar's conditions.

17. Dr. Campos did not carry out a complete and adequate history of the main complaint, lacking the mechanism of trauma to its full extent, without supervising that the nurses documented the entry and exit vital signs and did not perform a physical examination of the patient.

18. The defendants accepted radiographs of poor quality and eventually reach an erroneous conclusion that they were negative, without doing laboratory tests.

19. The defendants sent Gaspar home with multiple rib fractures, associated pneumothorax, cerebral hemorrhages, fracture lumbar vertebra, without performing the necessary physical evaluations and examinations.

20. Gaspar followed Dr. Campos' order and went home, where the pneumothorax continued to evolve untreated. Gaspar developed respiratory failure and contusions to both lungs.

21. Due to Defendants' negligent acts and omissions Gaspar needed an emergency thoracostomy, which was performed at the Hospital Doctor's Center in Manatí and subsequent transfer and admission to the Trauma Hospital of the Puerto Rico Medical Center.

22. The actions and omissions of the Defendants substantially departed from the principles that govern the best practice of medicine, and constituted the proximate cause of the Plaintiffs' damages.

**IV. CAUSE OF ACTION (FEDERAL OR CLAIM ACT ("FTCA") AND THE P.R. TORT STATUTE, ART. 1802 & 1803**

23. Plaintiffs reproduces and reaffirm as if alleged herein each and every one of the preceding allegations.

24. The FTCA was authorizes private citizens to file civil suits against the United States in a Federal court for its agents' negligent conduct acting on behalf of the United States. Liability against the United States pursuant to the FTCA is authorized in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Pursuant

to Puerto Rico law, a hospital and its agents within the local jurisdiction are subject to liability for their negligent acts or omissions, and for failure to give proper and due care to patients, per a standard established by law.

25. The negligent actions of the Defendants caused irreversible damage to Gaspar's lungs.

26. As a result of the negligent acts of the Defendants, the codefendants are jointly, severally and/or vicariously liable for medical expenses, the physical and emotional damage and distress suffered by Gaspar, which are conservatively estimated in an amount in excess of one hundred and fifty thousand dollars ($150,000.00).

27. As a result of the negligent acts of the Defendants, the codefendants are jointly, severally and/or vicariously liable for emotional damage and distress suffered by Sol Maria Marrero Rosado (Gaspar's wife), which are conservatively estimated in an amount in excess of fifty thousand dollars ($50,000.00).

28. As a result of the negligent acts of the Defendants, the codefendants are jointly, severally and/or vicariously liable for emotional damage and distress suffered by Melissa Navarro Marrero, Yanitza Navarro Marrero, and Yasiris Navarro Marrero (daughters of Gaspar) which are conservatively estimated in an amount in excess of fifty thousand dollars ($50,000.00) for each daughter, for total amount of one hundred and fifty thousand dollars ($150,000.00).

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests that this Court render judgment against the defendants: A. In the sum to be shown at trial, but in no event less than $400,000; B. Including whatever pre- and post judgment interest may be allowed by law; and that C. Plaintiff be awarded costs of suit.

In Ponce, Puerto Rico, this 31st day of January, 2021.

PO Box 7500
Ponce, P.R. 00732
Tel. (939) 250-0179
Cel. (787) 616-9374
Fax 1(800) 325-7084
Email: eliaslaureano@gmail.com

By: **S/Elias L. Fernandez-Perez**
Elías L. Fernández Pérez
USDC 227404